## HOWE et al. v. FEDERAL TRADE COMMISSION.

### No. 10486.

Circuit Court of Appeals, Ninth Circuit.

April 4, 1945.

Rehearing Denied May 7, 1945.

Edward Starin, of Seattle, Wash., for petitioners.

W. T. Kelley, Chief Counsel, Joseph J. Smith, Jr., Asst. Chief Counsel, and Jno. W. Carter, Jr., Sp. Atty., Federal Trade Commission, all of Washington, D. C., for respondent.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The petitioners, Phil Howe, David A. Howe, and Joanne B. Howe, trading as Howe and Company, are and have been engaged in the sale and distribution of cosmetic preparations. The preparations when sold are transported from their place of business in Seattle, Washington, to various other states of the United States and in the District of Columbia. For the purpose of inducing the purchase of the cosmetics, the petitioners use the trade name "Hollywood" and the legend under that "Favorite of the Stars." Of the some twenty items sold by the petitioners, only three are obtained from sources in Hollywood, although more than 52% of the firm's purchases consist of the three items manufactured in Hollywood, and as to such items the trade name is not inhibited.

The Federal Trade Commission after considering the evidence found that the word "Hollywood" when used to designate cosmetic preparations is associated by a substantial portion of the purchasing public with the motion picture industry and is understood as indicating that the cosmetics are manufactured there and are used by Hollywood stars, which is further strengthened by use of the legend "Favorite of the Stars." The Commission found that the use of the word "Hollywood" was deceptive and misleading, and concluded such deception to constitute unfair practice within the meaning of the Federal Trade Commission Act.

An order was issued to cease and desist from using the word "Hollywood" to designate any product which is not in fact manufactured in Hollywood, California, or using the words, "Favorite of the Stars." The other matters contained in the order have been complied with and are not in issue here.

The petitioners have asked this court to review the order of the Federal Trade Commission.

If the findings are supported by evidence, they are conclusive, and the order must be affirmed. Federal Trade Commission Act, § 5, 15 U.S.C.A. § 45(c).

Witnesses testified that the label "Howe's Hollywood, favorite of the Stars" gave the impression that it was a Hollywood preparation and was endorsed by the stars of motion pictures. Two other witnesses testified that they would interpret it to mean that the product was used by the movie stars. Another testified that Hollywood is one city in the world most every one knows and it is outstanding because of the motion picture industry, and the label "Hollywood, favorite of the Stars" could only mean that it was a product of Hollywood and used and preferred by the stars. There was other testimony that the legend "Favorite of the Stars" meant certain Hollywood actresses favored it. Another witness said "that the word 'Hollywood' used in connection with any aid to beauty or cosmetics has more significant meaning than the word 'Hollywood' used in other lines of products and has more value."

A great many witnesses testified on behalf of the Commission and on behalf of the petitioners. To some of these witnesses the word "Hollywood" had no particular significance. However, a substantial portion of the purchasing public and persons in the cosmetic trade associated the label with the motion picture colony and thought the cosmetics were manufactured there. There was also evidence that a Hollywood origin in a cosmetic product was a business asset. The evidence showed also that the preparations in question were not recognized by the actresses of Hollywood as being of superior quality.

In the case of Stanley Laboratories, Inc., v. Federal Trade Commission, 138 F.2d 388, this court found that the use of the words "M.D." in marketing a douche was a deception attempting to capitalize on the prestige of the medical profession. In the cosmetic field, a parallel endorsement would be that of actresses of Hollywood. It was reasonable therefore to find the advertisement misleading and deceptive, and where there is a rational basis for the conclusion of the administrative body, our duty is ended.

The motion to insert after the words "Hollywood, California" in the order, the parenthetical sentence: (The term "Hollywood, California," as used herein, means the entire city of Los Angeles, California, and those adjacent or contiguous independent municipalities which are generally regarded as comprising the Los Angeles metropolitan area, such as Culver City, Beverly Hills, Glendale and Santa Monica.), is hereby granted and the order as amended is affirmed and must be so enforced.

Affirmed.